UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LOREN OWENS,**

    Plaintiff,

v

**Port City Associates Group Corporation**,
City2shore Real Estate Inc., Steve Frody,
Shelley Frody, Kellen Keck, Emmersyn Sheak,
and John Does 1-10

Case No. 1:25-CV-00321

Hon. Jane M. Beckering

Joshua S. Goodrich, J.D., LL.M. (P83197)
LIGHTHOUSE LITIGATION PLLC
5208 W. Saginaw Hwy 81142
Lansing, Michigan 48908
269.312.7435
jsgoodrich@lighthouse-litigation.com

*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S EX-PARTE MOTION AS TO DOES 1-10
FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA
PRIOR TO A RULE 26(F) CONFERENCE**

**STATEMENT OF ISSUES PRESENTED**

**Statement of Position:** As per Local Rule 7.1(a), Plaintiff files this Memorandum in support of its Motion for Leave to Serve a Third Part Subpoenas so that it may subpoena Doe Defendant's customer relationship management and lead generation software for Doe Defendant's true identity.

There exists good cause for early discovery because there is no alternative means to identify Doe Defendant, and his or her identity is necessary to serve the process so that Plaintiff may litigate the lawsuit.

**Issue Presented:** Has Plaintiff demonstrated good cause such that this Court should allow Plaintiff leave to serve a third-party subpoena on Doe Defendant's customer relationship management and lead generation software prior to a Rule 26(f) conference?

**Plaintiff's Answer**: Yes. Doe Defendants are anonymous parties who violated Plaintiff's rights, and Plaintiff has filead a Prima Facia case against them. Plaintiff seeks this Court's permission to subpoena Defendants Does' customer relationship management software so that it may identify Does, allowing Plaintiff to serve the Doe Defendants and move forward with its case.

## **TABLE OF CONTENTS**

Contents

Table of Contents

**I.   INTRODUCTION** _____ 6

    **A.**   Subpoena To BoldTrail for its Lead Generation Service _____ 10

**A. Legal Standard Governing Expedited Discovery Requests to Identify An Anonymous Defendant**_____ 11

    **1.  Information is Within the Scope of Discovery and not Privileged or Confidential**_____ 14

**B. There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena** _____ 15

    **1. Plaintiff's Complaint Makes a *Prima Facie* Claim for violations of the TCPA.** _____ 15

    **2. Plaintiff Identifies the Limited and Specific Information its Subpoena seeks that is necessary to serve Doe Defendant.** _____ 15

    **3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity**_____ 16

    **4. The Subpoenaed Information Is Necessary to Advance Plaintiff's TCPA case.** _____ 16

    **5.  Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Her Right to Privacy.** _____ 17

**III. CONCLUSION** _____ 18

## **TABLE OF AUTHORITIES**

*Cases*

AF Holdings, LLC v. Does 1-1058,
  752 F.3d 990, (D.C. Cir. 2014) ............................................................................ 14

Arista Records, LLC v. Doe 3,
  604 F.3d 110 (2nd Cir. 2010) ............................................................................... 15

Arista Records, LLC v. Does 1-4,
  No. CV 7-1115, 2007 WL 4178641, (W.D. Mich. Nov. 20, 2007) ...................... 18

Blakeslee v. Clinton Cty.,
  336 F. App'x 248, 250 (3d Cir. 2009) .................................................................. 17

Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.,
  No. 16-cv-236, 2016, Case No. 2:16-cv-236 (S.D. Ohio Apr. 27, 2016) ............ 16

Cook Prods., Inc. v. Does 1-9,
  No. CV 16-838-DJH, 2017 WL 4077014 (W.D. Ky. Sept. 14, 2017) ................. 18

Dickson v. Direct Energy, Inc.,
  No. 18-cv-00182-GJL, Docket Order (N.D. Ohio May 21, 2018) ...................... 16

Fitzhenry v. Career Edu. Corp.,
  No. 14-cv-10172, Order [ECF 101] (N.D. Ill. Feb. 25, 2015) ............................. 16

Haney v. 5th E. Dist. Police Dep't,
  No. 12-CV-14684, 2012 WL 5389914, (E.D. Mich. Nov. 5, 2012) .................... 14

Malibu Media, LLC v. John Does 1-31,
  297 F.R.D. 323 (W.D. Mich. 2012) ..................................................................... 15

Malibu Media, LLC v. John Does 1-9,
  No. CV 12-12587, 2013 WL 142083, (E.D. Mich. Jan. 11, 2013) ..................... 15

Staples v. United States,
  Case No. 16-cv-12367 (E.D. Mich. Jul 06, 2016) ............................................... 14

Strike 3 Holdings LLC v. Doe,
  5:24-cv-545 (N.D. Ohio Apr 17, 2024) ............................................................... 15

Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 68.82.141.39,
  370 F.Supp.3d 478 (E.D. Pa. 2019) ............................................................... 16, 17

Strike 3 Holdings, LLC v. Doe,
  964 F.3d 1203, (D.C Cir. 2020) _____ 14

Strike 3 Holdings, LLC v. Doe,
  No. CV 17-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017) _____ 18

Strike 3 Holdings, LLC v. Doe,
  No. CV 19-11299, 2019 WL 2265171 (E.D. Mich. May 28, 2019) _____ 16

Third Degree Films, Inc. v. Does 1-72,
  No. CV 12-14106, 2012 WL 12931709, (E.D. Mich. Nov. 13, 2012)_____ 15

Yates v. Young,
  772 F.2d 909 (6th Cir. Aug.28, 1985) _____ 13, 14

**Statutes**

47 U.S.C. § 227(b)(1)(A) _____ 17

47 U.S.C. 227 et seq _____ 8

**Rules**

Fed. R. Civ. P. 26(a)(1)(A)(i) _____ 7

Fed. R. Civ. P. 26(b)(1)_____ 17

Fed. R. Civ. P. 26(d)(1)_____ 6, 14

Fed. R. Civ. P. 26(f) _____ 6, 14, 20

Fed. R. Civ. P. 4 _____ 15

Fed. R. Civ. P. 45 _____ 6

Fed. R. Civ. P. 45(d)(3)_____ 17

**Local Court Rules**

W.D. Mich. LCivR 7.1(d)_____ 8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX-PARTE* MOTION AS TO DOES 1-133 FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1) Plaintiff hereby respectfully submits this Memorandum of Points and Authorities in support of their Motion for Leave to serve a third-party subpoena prior to a Fed. R. Civ. P. 26(f) conference.

## I. INTRODUCTION

Plaintiff Loren Owens ("Owens") is the owner of phone number (XXX) XXX-5526 Compl., ¶¶ 41 (PageID.10). Plaintiff Owens has received thousands of illegal telemarketing and spam calls and text messages despite being on the national do-not-call list. Compl., Exhibit 8 (PageID.48).

In addition to Owens's illegal calls, the Plaintiff's counsel has numerous other clients who have received and reported tens of thousands of spam calls and texts in which the telemarketers have hidden their identities, making it difficult to track down the tortfeasors without discovery. In the present case, Plaintiff was callead and texted by a company claiming she consented to the calls and text under the name Beranice Crocker  Compl., Exhibit 8 (PageID.48). At no time did Ms. Owens know of the company and has never used the name Beranice Crocker (Id.)

Plaintiff and Plaintiff's Counsel have attempted to identify Doe Defendants 1-10 without seeking expedited discovery. However, the telemarketers/lead generators hide their identities while selling their services to other people. Here, someone created a fake lead to generate false consent to call Ms. Owens at her phone number; however, at no time has Ms. Owens used the name Beranice Crocker. It is common for telemarketers to claim they have consent to call and to claim the TCPA does not apply to the calls and texts. However, as Ms. Owens did not provide any consent to be contacted and has never used the name Beranice Crocker. Compl., Exhibit 8

(PageID.48) It is clear that this false lead was done to attempt to get around Ms. Owens's registry on the Do Not Call List. Plaintiff therefore seeks to obtain this information from third parties pursuant to Fed. R. Civ. P. 45 by subpoenaing factual information relevant to the identities of the Doe Defendants.

The plaintiff acknowledges that the number of Doe Defendants named in this case, which currently stands at 10, may not accurately reflect the actual number of individuals involved. It is possible that a single individual may be responsible for multiple calls and text to the plaintiff, thereby reducing the total number of distinct Doe Defendants.

One of the only meaningful ways to identify the callers who initiated the calls to Plaintiff is through the logs where the lead came from. However, not all caller/dialer/lead generator(s) providers preserve call and IP transmission logs for an extended period of time. In fact, in prior telemarketing violation cases, Plaintiff's counsel has encountered dialer and lead generator providers that, in the regular course of their business, destroy log records every 90 -120 days.

As a result, to ensure the preservation of the call transmission and IP logs needed to identify the violative calls, prior to filing litigation on March 8, 2025, Plaintiff's Counsel served an e-discovery preservation notice on all named defendants, asking them to identify the parties that have relevant information. After filing litigation and in Plaintiff's Notice of Litigation and Request to waive the service of the summons on March 24, 2025, Plaintiff Counsel reminded the parties of their duty to preserve evidence. The named defendants have failed to respond to the notice, nor has any attorney filed notice; plaintiff is in the process of serving the summons and complaint.

Plaintiff has not been provided with any notice or proof that preservation notices have been sent to the caller/dialer/lead generator (s) or their providers or that any records have been preserved. No named party or Counsel for any named defendant has identified the caller/dialer(s),

so additional notices and an e-discovery preservation notice could be issued to ensure call transmission logs were preserved.

As a result, Plaintiff seeks to immediately commence limited discovery to identify the dialers/lead generator provider(s) and ensure the preservation of call and IP transmission logs reflecting robocalls/telemarking regarding the phone calls and text messages Plaintiff received.

Most of the telemarketing calls that Plaintiff has received from the Doe Defendants involve multiple parties, who each may be liable for the violations of the Telephone Consumer Protection Act  "TCPA" 47 U.S.C. 227 et seq."

Depending on how the telephone campaign is arranged, how many parties are involved in the Doe Defendant's illegal telemarking for which Doe Defendants are liable for TCPA violations is unknown.

To understand what parties can be involved, it is necessary to understand the following components of any telephone campaign where parties have a concert of action to a common design.

### MOST ALWAYS PRESENT IN TELEPHONE CAMPAIGN

i. **Lead Generator:** The Party/person/company that generates a lead or phone number to call or text.

ii. **Caller/Dialer:** The Party/person/company initiating the sending of the phone call or text message.

iii. **Seller:** The Party/person/company whose goods or services that are being marketed/promoted/sold.

iv. **Telephone Service Provider:** The company that provides telephone services to callers/dialers.

      v.      **Software Provider:** A company that provides dialer software to the call center and their employees and agents.

Because telemarketing companies like Doe Defendants hide their identities, it is impossible to know who they are to name them at this time. Telemarketing companies like Doe Defendants have used many tactics to hide their identities, including purposefully not telling who they are, using fake names, creating anonymous web pages, registering their U.S. companies overseas, providing invalid callback numbers so they cannot be reached, not answering when someone returns missed calls, immediately hanging up if you ask what business they are with, and more.

Plaintiffs have already identified the lead generator InsideRE, LLC dba BoldTrail provider used by the Doe Defendants in this case, which has discoverable information related to the identities of the Callers and others who may be liable. All tracking of phone numbers and text messages used to make the phone calls and texts are registered and stored in the BoldTrail system. A printout from the BoldTrail system has been provided in the Complaint at Exhibit 7. Compl., Exhibit 8 (PageID.45-47). It is clearly visible that the lead was generated as a fake lead, as they named is Crocker PSYCHO (Id.)

BoldTrail is a fully integrated software for real estate sales and brokers. They market as "Experience the most robust, next-generation real estate tech solution, from an AI-empowered Smart CRM and customizable IDX websites, to lead generation services, recruiting tools, and powerful back office automation. Bring your entire business together and drive scalable growth with BoldTrail."[1]  It is the companies' "lead generation services" that are an issue in this motion.

Plaintiff will need to issue Subpoena to BoldTrail, which should reveal the identities of the Callers initiating the calls and texts, as well as the identities of those who may be individually or

---

[1] https://boldtrail.com/ (Last Accessed March 29, 2025)

vicariously liable.  Plaintiff will seek for Bold Trail to turn over limited information it has on the calls and texts in question for the period of March 2025 to the plaintiff's number. Plaintiff will also seek information on how the lead was generated, including the IP address and source of the lead.

Plaintiffs' counsel has experience in uncovering the identities of unknown individuals through professional investigation, forensics, and subpoenas.

The Plaintiffs' counsel is the Qualifying officer for NVHUSC Investigation PLLC, a licensed Professional Investigator Agency Licensed by the State of Michigan, License Number 3701300155.

Plaintiffs' counsel is a boutique law office that practices consumer protection, with a large portion of its practice in the Telephone Consumer Protection Act and the Michigan Home Sales Solicitation Act.

In recent years, the plague of unsolicited telephone spam and persistent violations of the Do Not Call List has become an intolerable intrusion into the lives of countless individuals. The Doe Defendants in this case, through their actions or omissions, have contributed to this growing problem. The Plaintiff seeks to hold these parties accountable, but to do so, the responsible individuals and entities must first be identified. The requested discovery is crucial to uncovering the identities of those involved in these unlawful practices. Without this information, the Plaintiff is deprived of the ability to effectively pursue legal remedies and protect their rights under the law. Therefore, this motion to expedite discovery is not merely procedural; it is a necessary step toward ending the widespread abuse of the Do Not Call List and enforcing compliance with federal regulations designed to protect consumers.

**A. Subpoena To BoldTrail for its Lead Generation Service**

The Doe Defendants initiated the unlawful calls and texts through BoldTrail that utilized the services. BoldTrail directly possesses the identities of the end-users responsible for these communications,

The subpoena to BoldTrail is, therefore, essential for the Plaintiff, as it will allow the identification of the parties. This information is vital for tracing the origin of the unlawful communications and holding the appropriate parties accountable.

## II. LEGAL STANDARD & ARGUMENT

### A. Legal Standard Governing Expedited Discovery Requests to Identify An Anonymous Defendant

Plaintiff and Plaintiff's counsel are aware John Doe Defendants are disfavored in Federal Courts. However, the Sixth Circuit has held, "Although the designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed, and plaintiff could identify defendant through discovery. [cites omitted]" Yates v. Young, 772 F.2d 909 (6th Cir. 1985).

In this case, the Plaintiff has been unable to identify the Defendants at the time of filing the complaint due to the nature of the unlawful communications and the multiple layers of service providers involved. However, through the discovery process, including the issuance of subpoenas to entities like BoldTrail, Plaintiff expects to uncover the identities of the parties responsible for the violations. The Plaintiff's use of "John Doe" defendants is therefore consistent with the Sixth Circuit's allowance for such designations when discovery is necessary to identify the Doe Defendants.

Furthermore, Plaintiff and Plaintiff's counsel know they may not seek discovery from any sources before the parties have conferred at a discovery conference unless "when authorized…by

court order." Fed. R. Civ. P. 26(d)(1).  In cases like this, when there are unknown Doe Defendant(s), Plaintiff "cannot serve [her] complaint—much less confer with the defendant—without obtaining identifying information from a third party." Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203, 1207 (D.C Cir. 2020).  Accordingly, "the only potential avenue for discovery is [a court order] under Rule 26(d)(1)." AF Holdings, LLC v. Does 1-1058, 752 F.3d 990, 995 (D.C. Cir. 2014)

The United States District Court for Eastern Michigan has held that "courts generally allow a plaintiff to identify the unknown defendant through discovery, unless it is clear that discovery would not uncover the identities of the defendants. Haney v. 5th E. Dist. Police Dep't, No. 12-CV-14684, 2012 WL 5389914, at *4 (E.D. Mich. Nov. 5, 2012) (citing Yates v. Young, 772 F.2d 909 (Table), 1985 WL 13614, *2 (6th Cir. Aug.28, 1985)" Staples v. United States, Case No. 16-cv-12367 (E.D. Mich. Jul 06, 2016)" Here Plaintiff seeks to leave to start the discovery process early enough to allow the Doe Defendants to participate in the case as soon as they can be identified and not delay the case.

Under Fed. R. Civ. P. 26(d)(1), the Court has the power to order that a party may seek discovery before the discovery planning conference. Fed. R. Civ. P. 26(d)(1), (f). Upon a "showing of good cause," discovery has been allowed from internet service providers regarding John Doe defendants. "A party may not seek discovery from any source before the parties have conferred as required by Fed. R. Civ. P. 26(d)(1) [unless authorized] by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "[A] district court has the discretion to permit the early issuance of a Fed. R. Civ. P. 45 subpoena prior to a Fed. R. Civ. P. 26(f) conference. This issue arises not infrequently in copyright infringement cases where the identity of the alleged infringer is not known." Malibu

Media, LLC v. John Does 1-9, No. CV 12-12587, 2013 WL 142083, at *1 (E.D. Mich. Jan. 11, 2013) (citing Arista Records, LLC v. Doe 3, 604 F.3d 110 (2nd Cir. 2010)).

Neither the United States Supreme Court nor the Sixth Circuit have yet given District Courts clear direction on how to address this type of discovery request.  Looking at a collection of cases in the Sixth Circuit shows us how the District Courts have been addressing this request. "While courts differ on the specific factors used to determine "good cause," all courts seem to agree that, … "good cause is easily established . . . where, as here, plaintiff has established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery." (Internal citations removed)  Strike 3 Holdings LLC v. Doe, 5:24-cv-545 (N.D. Ohio Apr 17, 2024).   Here, Plaintiff has no reasonable means absent discovery to identify the tortfeasors.

Other courts have applied different standards on the 'good cause.' "While courts are split on the standard to be applied in such instances, and the Sixth Circuit has not addressed the issue, several courts in this district have applied a 'good cause' standard to determine whether such discovery should be authorized." Third Degree Films, Inc. v. Does 1-72, No. CV 12-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (collecting cases). Indeed, this Court uses the five-factor analysis from Arista to determine whether a good cause exists.

> "In cases such as the one before the Court alleging copyright infringement against John Doe Defendant, courts generally find "good cause" exists when the plaintiff (1) makes a *prima facie* showing of a claim of copyright infringement; (2) submits a discovery request to the Court; (3) establishes there is no alternative means to obtain the subpoenaed information; (4) demonstrates a central need for the subpoenaed information; and (5) shows the defendants whose information is at issue have a minimum expectation of privacy."

Malibu Media, LLC v. John Does 1-31, 297 F.R.D. 323, 328 (W.D. Mich. 2012) (citing Arista Records, LLC v. Doe 3, 604 F.3d 110 (2nd Cir. 2010) (numerous citations omitted)). "All five factors weigh in Plaintiff's favor, and there is good cause for early discovery. Plaintiff has such

good cause to warrant expedited discovery." See e.g., Strike 3 Holdings, LLC v. Doe, No. CV 19-11299, 2019 WL 2265171, at *2 (E.D. Mich. May 28, 2019).

In TCPA putative class actions, courts regularly find that good cause for expedited discovery exists where there is a risk that call transmission logs that reflect the calls to the putative class may be destroyed as a result of the dialer provider's normal retention policies. E.g., Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc., No. 16-cv-236, 2016, Case No. 2:16-cv-236 (S.D. Ohio Apr. 27, 2016)

In fact, in these circumstances, courts often compel the defendants themselves to retrieve the call transmission logs. E.g., Dickson v. Direct Energy, Inc., No. 18-cv-00182-GJL, Docket Order (N.D. Ohio May 21, 2018) ("granting plaintiff's motion to compel defendant Total Marketing Concepts, LLC to gather/retrieve all telecommunication records from their vendor to avoid the destruction of records that identify putative class members"); see also Fitzhenry v. Career Edu. Corp., No. 14-cv-10172, Order [ECF 101] (N.D. Ill. Feb. 25, 2015) ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services.").

**1.  Information is Within the Scope of Discovery and not Privileged or Confidential**

The United States District Court for the Eastern District of Pennsylvania looked at a case involving Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 68.82.141.39, 370 F.Supp.3d 478 (E.D. Pa. 2019), where the Doe Subscriber attempted to challenge the Doe Subpoena.  The Court found that seeking only the names and addresses of the subscriber was "certainly within the scope of discovery under the Federal Rules of Civil Procedure. See Fed. R.

Civ. P. 26(b)(1)." <u>Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 68.82.141.39</u>, 370 F.Supp.3d 478 (E.D. Pa. 2019)

The court further went on to state that "[t]here is no basis to conclude that the information is privileged or confidential or otherwise cannot properly be released pursuant to a subpoena. See id. At [Fed. R. Civ. P.] 45(d)(3)." Id. The information being sought for the limited purpose of identifying the tortfeasors who harassed the Plaintiff in the case. Information could be destroyed without the subpoenas, and there is no other way to identify the callers. The District Court found "[w]e are satisfied that there are no other means for Strike 3 to obtain defendant's identity. If defendant cannot be identified and served, the action cannot proceed, and Strike 3 would be left without a remedy for any infringement of its copyrights. See <u>Blakeslee v. Clinton Cty.</u>, 336 F. App'x 248, 250 (3d Cir. 2009)." Id.

**B. There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena**

**1. Plaintiff's Complaint Makes a *Prima Facie* Claim for violations of the TCPA.**

Plaintiff's Complaint establishes a *prima facie* claim for violations of the TCPA. The complaint clearly alleges that the Doe Defendant(s) and named Defendants engaged in unsolicited and unauthorized communication, specifically through repeated phone calls and text messages, without the plaintiff's prior express consent. 47 U.S.C. § 227(b)(1)(A). These actions directly contravene the provisions of the TCPA, which prohibits such communications.  By demonstrating the occurrence of these violations and the resulting harm, the plaintiff has sufficiently presented a legally actionable claim under the TCPA, warranting further legal proceedings.

**2. Plaintiff Identifies the Limited and Specific Information its Subpoena seeks that is necessary to serve Doe Defendant.**

Plaintiff's subpoena is limited and only requests the true name and address of subscribers of the listed phone numbers. The information sought in Plaintiff's subpoena is "sufficiently tailored to Plaintiff's limited goal of effectuating service on the Doe Defendant" and thus weighs in favor of granting leave. Cook Prods., Inc. v. Does 1-9, No. CV 16-838-DJH, 2017 WL 4077014, at *2 (W.D. Ky. Sept. 14, 2017).

### 3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity

At this early stage in the litigation, Plaintiff has a limited view of Defendant's true identity, only having access to the offending phone calls.  Each phone call was a valid  Voice over Internet Protocol Phone and not a spoofed phone number.   Telephone Service Provider records are the only evidence that allows the plaintiff to identify who committed the violations of the TCPA. Since there is no public registry of what phone numbers correspond to which subscribers, Plaintiff's subpoena is necessary to advance litigation. See cf. Strike 3 Holdings, LLC v. Doe, No. CV 17-1680 (CSH), 2017 WL 5001474, at *4 (D. Conn. Nov. 1, 2017).

### 4. The Subpoenaed Information Is Necessary to Advance Plaintiff's TCPA case.

To effectively pursue legal action, the plaintiff must ascertain the defendant's identity, as this information is crucial for serving legal documents and proceeding with the litigation. Without identifying the defendant, the plaintiff would be unable to engage in necessary discovery or hold the responsible party accountable, thereby stalling the entire legal process.  "[T]he identity of the individuals is necessary to move the case forward and without this information, Plaintiff[] would not be able to determine the identities of [Doe]." Arista Records, LLC v. Does 1-4, No. CV 7-1115, 2007 WL 4178641, at *3 (W.D. Mich. Nov. 20, 2007).

**5. Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Her Right to Privacy.**

In a TCPA suit, the Doe Defendant's minimal privacy interest is substantially outweighed by the plaintiff's compelling interest in protecting her right to privacy. The defendant's claim to privacy, particularly in the context of unsolicited communications, is inherently limited when those actions infringe upon the plaintiff's legally protected privacy rights. The Telephone Consumer Protection Act was specifically designed to shield individuals from the type of invasive practices that the defendant has allegedly engaged in, such as unwanted calls or texts.

While a Doe defendant may argue a right to privacy, this interest pales in comparison to the plaintiff's right to be free from unwarranted intrusions into her personal life. The plaintiff's right to privacy includes the right to control who contacts her and when, especially in her own home or on her personal device. The TCPA reflects a societal consensus that individuals should not have to endure harassment or invasions of privacy from unsolicited communications. Therefore, in balancing these interests, it is clear that the plaintiff's right to protect her privacy significantly outweighs any minimal privacy interest the defendant might assert.

As a result, there is good cause for permitting the requested discovery. First, there is an imminent risk that the unidentified and non-responding dialer(s)/Doe Defendants provider may destroy the call transmission logs in the regular course of business.

Second, the call and IP transmission logs are a critical piece of evidence necessary to advance this case and to prove the Plaintiffs claims at trial if the Defendants motion to dismiss is denied.

Third, the discovery requested is narrowly tailored to ensure the preservation of exclusively this evidence and to identify the Doe Defendants.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this an Order from this Court:

(1) Granting Plaintiff's *Ex-Parte* Motion as to Does 1-1 for leave to serve a third-party subpoena prior to a Fed. R. Civ. P. 26(f) conference;

> BoldTrail by Inside Real Estate, LLC
> 434 W Ascension Way, Suite 110,
> Murray, UT 84123
> Phone: 800-656-1646
> Email: connect@insiderealestate.com

   a. BoldTrail by Inside Real Estate, LLC be required to produce the user of their cloud software used to place calls and text messages to Plaintiffs Phone in March of 2025.

   b. BoldTrail by Inside Real Estate, LLC cloud lead generator provider/software to provide the end user information including the name, address, phone number, and email address of the end-user.

   c. BoldTrail by Inside Real Estate, LLC cloud lead generator provider/software to provided information on how the lead was created, entered into their systems, including any identifying information of time, date, email address, phone numbers, IP address, browser used, any tracking cookie information or other identifying information.

   d. To preserve all records related to the lead generated and not delete or allow changes to be made.

(2) Providing any other relief the Court deems just and proper

Date: March 29, 2025

/s/ Joshua S. Goodrich, J.D., LL.M.
Joshua S. Goodrich, J.D., LL.M. (P83197)
Lighthouse Litigation PLLC
52080 W. Saginaw, Hwy., 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@ligthouse-litigation.com