UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREN JANE OWENS,

        Plaintiff,                                        Hon. Jane M. Beckering

v.                                                   Case No. 1:25-cv-321

PORT CITY ASSOCIATES GROUP
CORPORATION, et al.,

        Defendants.
_____/

**ORDER**

Plaintiff has sued several Defendants alleging that they violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*, the Michigan Telephone Companies as Common Carriers Act, Mich. Comp. Laws § 484.101 *et seq.,* and the Michigan Home Solicitation Sales Act, Mich. Comp. Laws. § 445.111 *et seq*. Plaintiff also alleges that certain Defendants committed civil stalking in violation of Mich. Comp. Laws § 750.411(h) and the common-law tort of intrusion upon seclusion. In particular, Plaintiff alleges that in spite of having registered her telephone number(s) on the National Do Not Call List since June 7, 2019, Defendants engaged in improper phone calls and text solicitations to her number(s) without her consent.

Presently before the Court is Plaintiff's Ex Parte Motion to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 5.) Defendants Port City Associates Group, City2Shore Real Estate Inc., Steve Frody, Shelley Frody, and Kellen Keck have filed a response. (ECF No. 15.) Plaintiff's motion pertains to the identities of the Doe Defendants 1-10, whom Plaintiff says are the telemarketers/lead generations for the improper calls/texts. Plaintiff says that she has attempted to identify these individuals but has been unsuccessful because they shield

their identities while selling their services to others. Plaintiff claims that one of the Doe Defendants created a fake lead for the name of Beranice Crocker to generate false consent to call Plaintiff and avoid her do-not-call registration. Plaintiff also states that she has identified Inside RE, LLC d/b/a BoldTrail (BoldTrail) as the lead generator the Doe Defendants used, which has discoverable information pertaining to their identities. Plaintiff says that BoldTrail provides fully-integrated software for real estate sales and brokers and that she seeks information pertaining to its lead generation services. Plaintiff thus requests that the Court authorize her to serve a subpoena on BoldTrail to obtain limited information pertaining to calls and texts that were made to her number(s) for the month of March 2025, including the Internet Protocol (IP) address and source of the lead. (ECF No. 5-1 at PageID.76.)

Pursuant to Federal Rule of Civil Procedure 26(d)(1), a party may not seek discovery from any source prior to a Rule 26(f) conference "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A court order is thus required for the early discovery Plaintiff seeks. Courts typically require a party to demonstrate good cause to justify permitting discovery before the Rule 26(f) conference. *See Simpson v. Doe #1–2*, No. 21-10877, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021) ("Although not explicitly required under the Federal Rules of Civil Procedure or binding caselaw, when reviewing a request for early discovery, courts often consider whether the requesting party has demonstrated 'good cause.'" (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2021))); *Valhalla Inv. Props., LLC v. 502, LLC*, No. 3:19-cv-318, 2020 WL 1514532, at *5 (M.D. Tenn. Mar. 30, 2020) ("Courts confronted with requests to allow discovery before the Rule 26(f) conference typically ask whether there is good cause to justify such early discovery.").

When the discovery is directed to individuals' identities, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Robinson v. Doe*, No. C-1-07-729, 2008 WL 5069249, at *2 (S.D. Ohio Nov. 24, 2008), *report and recommendation adopted*, 2009 WL 650383 (S.D. Ohio Mar. 10, 2009) (internal quotation marks and citation omitted). "Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc. v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016).

Here, the Court finds that Plaintiff has demonstrated that these factors weigh in favor of the requested relief. First, Plaintiff states that dialer and lead generator providers in cases such as this typically destroy log records containing the information Plaintiff seeks every 90-120 days. Second, because the discovery is aimed at identifying individuals who may be liable for making/generating the improper calls, it will contribute to advancing the case. Finally, the information Plaintiff seeks is limited to the identities of those individuals involved in generating the calls and texts to Plaintiff's number(s) during March 2025. Thus, the Court finds that Plaintiff has demonstrated good cause to engage in the proposed discovery. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (ECF No. 5) is **GRANTED** as follows:

1. Plaintiff may serve on InsideRE, LLC d/b/a BoldTrail a subpoena pursuant to Fed. R. Civ. P. 45 to ascertain the following information pertaining to Defendant Does 1-10 and the phone calls listed in Exhibit 1 of the complaint for the purpose of serving the

summons and complaint: (a) names; (b) physical addresses; (c) mailing addresses; (d) email addresses;  (e) telephone numbers; (f) IP addresses of lead generation; and (g) any cookie or digital tracking information (browser type, location, ISP provider, etc.) that would enable Plaintiff to identify the Doe Defendants. Plaintiff shall attach a copy of this Order to the subpoena.

2. Nothing in this Order precludes BoldTrail or the Doe Defendants from challenging the subpoena as permitted by the Federal Rules of Civil Procedure.

3. BoldTrail shall confer with Plaintiff's counsel, if necessary, with respect to payment for the information requested in the subpoena. If BoldTrail elects to charge for the cost of production, it shall provide a receipt(s) to Plaintiff for the amount paid and a summary of the charges billed.

4. Plaintiff shall use the information obtained pursuant to the subpoena only for the purposes of identifying, and effecting service of process on, the Doe Defendants in this action.

Dated: April 30, 2025                               /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge